LAUREL I. HANDLEY (NV Bar # 9576)
ANTHONY R. SASSI (NV Bar # 12486)
**ALDRIDGE PITE, LLP**
520 South 4th St., Suite 360
Las Vegas, Nevada 89101
Telephone: (702) 991-4636
Facsimile: (702) 685-6342
E-Mail: jgarabedian@aldridgepite.com

Attorneys for Defendant/Counterclaimant:
FEDERAL NATIONAL MORTGAGE ASSOCIATION

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HOLLYVALE RENTAL HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>RAE NOLA EDWARDS, an individual; FEDERAL NATIONAL MORTGAGE ASSOCIATION; QUALITY LOAN SERVICE CORPORATION; All other persons unknown claiming any right, title estate, lien or interest in the real property described in the Complaint adverse to Plaintiff's ownership, or any cloud upon Plaintiff's title thereto; DOES I through V; and ROE Corporations I through V,<br><br>Defendants.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCATION,<br><br>Counterclaimant,<br><br>v.<br><br>HOLLYVALE RENTAL HOLDINGS, LLC<br><br>Counter-Defendant. | Case No.: 3:17-cv-00162-MMD-WGC<br><br><br><br><br><br><br><br><br><br>**STIPULATION TO EXTEND DEADLINES IN SCHEDULING ORDER**<br><br>**(First Request)** |

Defendant/Counterclaimant Federal National Mortgage Association ("Fannie Mae") and Plaintiff/Counter-Defendant Hollyvale Rental Holding, LLC ("Hollyvale") (and collectively the "Parties"), by and through their respective attorneys of record, hereby stipulate to extend all of the deadlines in the Scheduling Order (ECF No. 15) as follows:

- 1 -

## BACKGROUND & REASONS FOR REQUESTED EXTENSIONS

This is the Parties' first request to extend the deadlines in the Scheduling Order. As the Court may be aware, this is one of many actions involving a title dispute to real property following a foreclosure sale under NRS 116. Hollyvale claims it has free and clear title following the sale of a super-priority lien, while Fannie Mae's primary defense or counterclaim is that its deed of trust was not extinguished because of the Federal Foreclosure Bar under 12 U.S.C. § 4617(j)(3). Quality Loan is the trustee under Fannie Mae's deed of trust and has taken a non-monetary status position.

Pursuant to Local Rule 26-1, Hollyvale, Fannie Mae and Quality Loan submitted a Stipulated Discovery Plan and Scheduling Order on May 5, 2017 (ECF No. 14) and the Court issued a scheduling order on May 8, 2017 (ECF No. 15). The Parties have exchanged initial disclosures, have begun written discovery, and have engaged in extensive settlement discussions. These series of events have lead the Parties to believe that additional parties should be added and/or substituted into this case and that all of the deadlines in the Scheduling Order should be extended.

Since the filing of this lawsuit in January 2017, Hollyvale has transferred its interest in the real property at issue to an affiliate or related entity known as Champery Rental REO, LLC ("Champery"). The Parties are in the process of finalizing a separate stipulation to effectuate the substitution of Champery in the place and stead of Hollyvale. Since the Parties' ultimate goal is to clear up title to the property at issue, whether through adjudication or settlement, Champery should be formally included as a party to this lawsuit.

Also, Hollyvale/Champery wishes to add the foreclosing HOA and its trustee as defendants to this lawsuit. Fannie Mae has no objection to adding either entity. In fact, adding the foreclosing HOA and its trustee will further assist in settlement efforts as it is believed that the foreclosing HOA or its trustee is still holding excess proceeds of around $70,000.00 from the sale which will ultimately either need to be distributed pursuant to NRS 116.31164 or may need to be returned to Hollyvale/Champery if the sale is determined to be void. Such funds could be used in furtherance of settlement efforts between Hollyvale/Champery and Fannie Mae.

Including both entities should also lead to a final and efficient adjudication as to title and proceeds distribution.

Further adding to the need for an extension of all deadlines, Hollyvale/Champery and Fannie Mae have engaged in extensive and complex settlement discussions since early to mid-July. Such discussions not only involve the property at issue in this case, but several other properties currently owned by Hollyvale/Champery (or their affiliates) and where Fannie Mae or Freddie Mac is claiming an interest. In other words, Hollyvale/Champery and Fannie Mae/Freddie Mac are attempting to arrive at a global settlement involving all of their properties. Both have spent considerable time over the past two months researching and gathering data on the properties to be included in a proposed global settlement, and more time is still needed. Of course the overarching purpose of such a global settlement is to avoid the time and expense associated with litigation. Both parties are currently optimistic that a global settlement is achievable.

## LR 26-4

Since the discovery deadline is being affected by this Stipulation, the Parties submit the following pursuant to LR 26-4.

**A.**     **Discovery that has been completed.**

The Parties have exchanged their initial disclosures pursuant to FRCP 26. On August 15, 2017, and in the midst of settlement discussions, Hollyvale served requests for admission, requests for production, and interrogatories on Fannie Mae.

**B**.     **Discovery that needs to be completed.**

The Parties are optimistic that the ongoing settlement discussions will alleviate the need for any further discovery and effectively resolve this case as well as several others. This will undoubtedly save on time and litigation costs.

To the extent the Parties come to an impasse with settlement discussions, Fannie Mae will need time to respond to the discovery requests mentioned in section A above. Hollyvale/Champery believes it will need to conduct additional written discovery on claims in the complaint, the affirmative defenses in an answer, experts may need to be disclosed, and

expert discovery.  The Parties also anticipate the foreclosing HOA and/or its trustee will want the opportunity to conduct discovery.

C. **Reason why the deadline was not satisfied or the remaining discovery was not complete within the time limits set by the discovery plan.**

The existing dates were based upon the parties present in the litigation at the time the Discovery Plan and Scheduling Order was entered, and most importantly before settlement discussions actively began in July.  Since that time it has become clear that the presence of additional parties would assist with a final adjudication of title and a complete settlement.  The Parties further note that this is a developing area of law with evolving precedents being established within both the Ninth Circuit and Nevada State Courts.  These ongoing developments affect the discovery required by the Parties.

Hollyvale/Champery and Fannie Mae have also engaged in complex settlement discussions involving a number of properties, as there are a number of cases between Hollyvale or its affiliates and Fannie Mae.  Both are diligently working towards a global settlement of all matters to avoid the time of expense of discovery and further motion practice in this case and several others. Hollyvale/Champery and Fannie Mae have spent considerable time researching and gathering data concerning the properties to be included in a global settlement and presently believe time is best allocated to fully exploring the ongoing global settlement rather than potentially unnecessary discovery.  These discussions are ongoing and have been time consuming over the past two months, but both parties believe that these discussions will resolve not only the instant matter, but a number of other cases as well.

D. **Proposed schedule for completing all remaining discovery.**

The Parties propose to extend the deadline to add parties and amend pleadings to September 29, 2017.  As for the remaining deadlines, including discovery, expert and dispositive motions, the Parties propose a short stay of these deadlines for two primary reasons.  First, because of the ongoing settlement discussions.  Second, because the foreclosing HOA and its trustee will need to appear and will likely want to provide their input on a suitable discovery plan and scheduling order.  The Parties propose only a short 90-day stay through December 1, 2017.

- 4 -

| | | |
|---|---|---|
| 1 | The Parties will prepare a Joint Status Report as to settlement efforts, or if settlement efforts | |
| 2 | have unexpectedly stalled, provide the Court with an updated Discovery Plan and Scheduling | |
| 3 | Order with the foreclosing HOA and trustee's involvement. | |

Based upon the foregoing, the Parties respectfully request that the Court extend the deadlines in the Scheduling Order in accordance with this Stipulation.

DATED this ____ day of September, 2017.

| HUTCHISON & STEFFEN, LLC | ALDRIDGE PITE, LLP |
|---|---|
| __/s/ Bradley G. Sims_____ | __/s/ Anthony R. Sassi_____ |
| John T. Steffen (4390) | Laurel I. Handley (9576) |
| Bradley G. Sims (11713) | Anthony R. Sassi (12486) |
| Peccole Professional Park | 520 South 4th Street, Suite 360 |
| 10080 West Alta Drive, Suite 200 | Las Vegas, NV 89101 |
| Las Vegas, NV 89145 | asassi@aldridgepite.com |
| bsims@hutchlegal.com | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | *Federal National Mortgage Association* |
| *Hollyvale Rental Holdings, LLC* | |

**IT IS SO ORDERED.**

*/s/ William G. Cobb*
**UNITED STATES MAGISTRATE JUDGE**

**Dated:** September 11, 2017